UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| **KARY DIAZ MARTINEZ,** ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> **PATRICIA HYDE, et al.,** ) <br> ) <br> Respondents. ) <br> ) | **Civil Action No.** <br> **25-11613-BEM** |

**MEMORANDUM AND ORDER**

**MURPHY, J.**

Respondents have been unable to produce an expedited order of removal that would explain, at least theoretically, Petitioner's detention. Accordingly, the Court finds that Petitioner has not been ordered removed under section 235(b) of the Immigration and Nationality Act ("INA") and grants her petition for writ of habeas corpus.

**I.   Background**

On April 2, 2024, Petitioner Kary Mariosy Diaz Martinez received a Notice to Appear in "removal proceedings under section 240" of the INA. Section 240 governs what might be called standard removal proceedings, in immigration court and before an immigration judge. 8 U.S.C. § 1229a. Petitioner's notice directed her to appear in immigration court on June 3, 2025, which she did. Dkt. 16-1 ¶¶ 7–8.

At the hearing, the Department of Homeland Security ("DHS") moved to dismiss the removal proceedings against Petitioner but was denied. *Id.* ¶ 8. Instead, the immigration judge

continued the proceedings until May 19, 2026. *Id.* That meant Petitioner was, at that point, free to go.

Nevertheless, U.S. Immigrations and Customs Enforcement ("ICE") arrested petitioner in the courthouse, after she was released by the immigration judge, supposedly pursuant to section 235(b) of the INA. *Id.* ¶ 9. Section 235(b) governs expedited removal. 8 U.S.C. § 1225(b). Historically, expedited removal applies when an individual is apprehended "at or near the border" or at a port of entry, before the individual can rightly be said to have "effected an entry" into the United States. *See Dept. of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106, 140 (2020). Petitioner was thereafter held at the ICE ERO's Burlington Field Office — Boston Hold Room. Dkt. 16 at 5.

Following arrest, Petitioner filed this habeas petition and, soon thereafter, moved for immediate release based on "the inhumane and cruel conditions of detention at the facility where she [was then] being held." Dkts. 1, 8. On June 9, 2025, Respondents notified the Court that they intended to transfer Petitioner out of the District. Dkt. 12 (pursuant to the Court's June 4, 2025, Order, Dkt. 6).[1] On June 12, 2025, the Court held a hearing. *See* Dkts. 14, 17–18.

At the hearing, Petitioner's case appeared to present complex and novel issues. Petitioner's counsel effectively argued that Respondents' position made no sense, that Petitioner could not logically be subject to expedited removal and arrest under section 235(b) of the INA while simultaneously in standard removal proceedings under section 240, particularly where, as here, Petitioner had been present in the United States (and nowhere near a border) for more than a year, even assuming DHS's allegations. The Court noted, however, that to hear that argument might

---

[1] Respondents were ultimately permitted to transfer Petitioner, provided she would not be transferred further and that this Court would retain jurisdiction over her habeas petition. Dkt. 18.

contradict the INA's statutory limitations on habeas jurisdiction, *see* 8 U.S.C. § 1252(e)(2), potentially implicating the Suspension Clause.

More basically, Petitioner's counsel pointed out that Petitioner had received no notice of her supposed expedited removal, as would be expected and as is, in fact, legally required.[2] Respondents appeared to suggest that Petitioner might be detained, in the alternative, under INA section 236, 8 U.S.C. § 1226, pursuant to her standard removal proceedings. *See* Dkt. 16 at 12–16. There was therefore threshold uncertainty among the attorneys and the Court as to exactly under what authority Petitioner was being held.

Given this ambiguity and the complex legal issues at stake, the Court withheld ordering the release of Petitioner at that time and instead directed the parties to brief the issues. Dkt. 17. The parties conferred and agreed to submit briefing simultaneously on June 17, 2025. *See id.* Additionally, the Court ordered Respondents to produce any documents allegedly issued to Petitioner concerning her detention and removal. *Id.* Respondents agreed to do so by end of the following day, June 13, 2025. *See id.*

On June 13, 2025, Respondents asked the Court for "one additional business day, or until end of day on June 16, 2025, to look for and produce any additional documents that may be contained in Petitioner's file." Dkt. 19 at 2. Respondents stated that "there may be a file that was created for this Petitioner that may have traveled with Petitioner when she was transferred" and that counsel was "still searching for it." *Id.* Respondents claimed that Petitioner was being detained pursuant to section 235 of the INA—in other words, pursuant to expedited removal. *Id.* at 1. However, Respondents had, at that time, produced only Petitioner's April 2, 2024,

---

[2] *See* 8 C.F.R. 235.3(b)(2)(i) (requiring an examining immigration officer to produce certain records in the course of expedited removal and to "advise the alien [determined to be inadmissible and ordered removed under section 235(b) of the INA] of the charges against him or her on Form I–860, Notice and Order of Expedited Removal").

3

(Section 240) Notice to Appear. *Id.* The Court granted Respondents' request and ordered Respondents to produce documents responsive to the Court's Order by 5:00 p.m. on June 16, 2025. Dkt. 20. Respondents thereafter submitted no additional documents, either to Petitioner or to the Court, and reported that the section 240 notice was the only document produced by ICE.

## II.     Discussion

The INA explicitly preserves this Court's habeas jurisdiction to determine whether a "petitioner was ordered removed under" section 235(b)(1) of the INA. 8 U.S.C. § 1252(e)(2)(B). Respondents have had four days, three more than they themselves asked for, to produce any documentation indicating that Petitioner is held on a lawful basis. Given Respondents' inability to produce a Notice and Order of Expedited Removal, *see* 8 C.F.R. 235.3(b)(2)(i), or any other document substantiating the legality of Petitioner's detention, the Court comes to the easy conclusion that Petitioner has not been ordered removed under section 235(b)(1) of the INA. Respondents identify no other basis for Petitioner's detention. Accordingly, the Court finds that Petitioner's detention is unlawful.

## III.     Conclusion

For the foregoing reasons, the petition for writ of habeas corpus is GRANTED. Respondents shall release Petitioner, with no additional conditions beyond those imposed by the immigration judge at the June 3, 2025, hearing, before 5:00 p.m. today, June 17, 2025, and make arrangements with counsel for her transportation from the out-of-state facility to which she was transferred. The parties are further ordered to file a joint status report no later than 6:00 p.m. today confirming that Mrs. Martinez has been released and stating the parties' positions on the necessity of proceeding with a further hearing as previously scheduled for tomorrow.

**So Ordered.**

                                                /s/ Brian E. Murphy
                                                Brian E. Murphy

Dated: June 17, 2025                       Judge, United States District Court