UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

KARY MIRIOSY DIAZ MARTINEZ,

                        Petitioner,

    v.

PATRICIA HYDE, Field Office Director, U.S. Immigration and Customs Enforcement, Boston Field Office; MICHAEL KROL, HSI New England Special Agent in Charge; TODD LYONS, Acting Director, U.S. Immigrations and Customs Enforcement; KRISTI NOEM, U.S. Secretary of Homeland Security,

                        Respondents.

Civil Action No. 1:25-cv-11613-BEM

## **RESPONDENTS' MOTION TO RECONSIDER**

Pursuant to Fed. R. Civ. P. 59(e), Respondents respectfully move this Court to reconsider its June 17, 2025 Memorandum and granting Petitioner's Petition for Writ of Habeas Corpus, ECF No. 22. The Court decision is premised on the Respondents' failure to prove a claim that Respondents did not assert: that Petitioner was detained because she was subject to an expedited removal order. Respondents did not and do not allege that Petitioner was issued an expedited removal order — which is governed by 8 U.S.C. § 1225(b)**(1)(A)(i)**[1] — or that she had been "ordered removed under section 235(b)," *see* ECF No. 22 at 1. Rather, Respondents maintain that

---

[1] INA § 235(b)(1)(A)(i). For ease and consistency, Respondents will use the statutory citation in the text of this brief and include the correspondent INA section in footnotes.

Petitioner was properly subject to mandatory *detention pending full removal proceedings* (8 U.S.C. § 1229a) pursuant to 8 U.S.C. § 1225(b)**(2)(A)**.[2]

The Court's June 17 Order must be reconsidered for several reasons. *First*, the Court's decision is premised on a misapprehension of Respondents' legal position. *Second*, the Court committed a manifest error of law by conflating the expedited removal statutory subsection (8 U.S.C. § 1225 (b)(1)(A)(i)), and the subsection requiring Petitioner's mandatory detention pending full immigration proceedings (8 U.S.C. § 1225(b)(2)(A)).[3] *Third,* the Court impermissibly shifted the burden of proof to Respondents to prove that Petitioner's detention was lawful, rather than properly placing that burden on Petitioner to show that her detention was unlawful. *Fourth*, the Court's Order that Respondents release Petitioner "with no additional conditions beyond those imposed by the immigration judge at the June 3, 2025, hearing" fails to recognize the distinction between immigration removal proceedings and immigration bond hearings.

The Court's legal errors individually and collectively warrant reconsideration and a reversal of its June 17 Order, ECF No. 22.[4]

---

[2] INA § 235(b)(2)(A).

[3] INA § 235(b)(1)(A)(i), INA § 235(b)(2)(A).

[4] Respondents' compliance with this Court's June 17 Order did not moot this motion as the parties continue to have a stake in the outcome of this case, and Court can still grant "effectual relief" to Respondents. *See N.H. Motor Transport Ass'n v. Rowe*, 448 F.3d 66, 73 (1st Cir. 2006) (citing *Goodwin v. C.N.J., Inc.*, 436 F.3d 44, 46 (1st Cir. 2006), and *Church of Scientology of Cal v. United States*, 506 U.S. 9, 12 (1992)). Moreover, it is only this Court's order that stood between Petitioner and her continued detention pending removal proceedings, thus saving the case from mootness concerns. *See Magill v. Lynch*, 560 F.2d 22, 25 n.2 (1st Cir. 1977); *Hensley v. Mun. Court*, 411 U.S. 345, 351-52 (1973).

## BACKGROUND

### A. Factual and Procedural Background

Petitioner is a native and citizen of the Dominican Republic. *See* Declaration of Assistant Field Office Director, Keith Chan (ECF No. 16-1) ¶ 6; *see also* Notice to Appear (NTA) at 1.[5] On or about April 1, 2024, Petitioner illegally entered the United States at or near San Ysidro, CA, across the United States' southern border, without being inspected and admitted or paroled. *See* Chan Decl. ¶ 7; NTA at 1. Petitioner was apprehended and, on April 2, 2024, Petitioner was placed into removal proceedings, 8 U.S.C. § 1229a,[6] and served with a Notice to Appear in the Boston Immigration Court on June 3, 2025. Chan Decl. ¶ 7; NTA at 1. The NTA provided to Petitioner charged Petitioner as subject to removal from the United States because she was inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i).[7] NTA at 1.

On June 3, 2025, Petitioner appeared in the Boston Immigration Court, with counsel, for removal (not bond) proceedings. *Id.* ¶ 8. The Department of Homeland Security ("DHS") moved to dismiss removal proceedings, arguing that Petitioner was appropriately subject to expedited removal proceedings (pursuant to 8 U.S.C. § 1225(b)(1)(A)(i)).[8] Chan Decl. ¶ 8. Petitioner objected to expedited removal proceedings, and the IJ denied DHS's motion to dismiss the current removal proceedings. *Id.* The IJ then continued the full removal proceedings [under to 8 U.S.C.

---

[5] Per this Court's Electronic Order, ECF No. 20, Respondents provided the Court a copy of the NTA under seal.

[6] INA § 240.

[7] INA § 212(a)(6)(A)(i): "In general. An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible."

[8] INA § 235(b)(1)(A)(i)).

3

§ 1229a[9]] until May 19, 2026. *Id.*

After her hearing, ICE administratively arrested and detained Petitioner on June 3, 2025, pursuant to 8 U.S.C. § 1225(b)(2)(A).[10] *Id.* ¶ 9; ECF No. 16 at 7. Petitioner filed this habeas petition on June 3, 2025, alleging that her arrest and detention violated the Fifth Amendment to the United States Constitution. ECF No. ¶ 1 at 3. The next day, Petitioner filed a Motion for Release from Detention. ECF No. 8. The Court held a hearing on June 12 on Petitioner's Motion. ECF Nos. 14, 17. At that hearing the Court ordered the parties to file further briefs by June 17, 2025, allowed Petitioner to be transferred to a facility in Vermont, and ordered Respondents to provide written notification to petitioner's counsel by June 13 about "whether this case was proceeding under 8 U.S.C. § 1225 or § 1226." ECF No. 17. At the June 12 hearing, the Court also requested[11] that Respondents produce to Petitioner any documents that ICE could locate that were issued to Petitioner concerning her detention and notice to appear.

On June 13, Respondents provided Petitioner and this Court written notification of Respondents' position that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225. ECF No. 19 at 1. Respondents also notified the Court that they had provided to Petitioner's counsel the NTA issued to Petitioner on April 2, 2024, but that believed there may be other documents that were in Petitioner's file that agency counsel had not yet been able to locate. *Id.* at 1-2. Respondents requested one additional business day, until Monday, June 16, to provide any other documents that they could locate. *Id.*

On June 16, Respondents notified the Court via email to the Court's Courtroom Deputy,

---

[9] INA § 240.

[10] INA § 235(b)(2)(A).

[11] The Electronic Clerk's Notes did not reflect this to be an *Order* of the Court. *See* ECF No. 17.

copying Petitioner's counsel, that the NTA was the only document that ICE agency counsel had been able to locate, and that agency counsel had not located Petitioner's file.

On the morning of June 17, without allowing Respondents to submit the court-ordered briefing, the Court issued its Memorandum and Order granting the Petition for Writ of Habeas Corpus, holding that Petitioner's detention was unlawful because "the Court finds that Petitioner has not been ordered removed under Section 235(b)(1) of the [INA]." ECF No. 22 at 4. The Court ordered Respondents to release Petitioner by 5:00 p.m. that same day, "with no additional conditions beyond those imposed by the immigration judge at the June 3, 2025, hearing." *Id.* Respondents complied with the Court's Order that day while reserving the right to seek reconsideration and/or clarification of the Court's Order. ECF No. 23.

## **LEGAL STANDARDS**

### A. Standard for Motion to Reconsider

To obtain relief on a motion for reconsideration, the moving party must either present newly discovered evidence that has come to light or demonstrate that the court has committed a manifest error of law. *Palmer v. Champion Mortg.*, 465 F.3d 24, 29 (1st Cir. 2006). The Court's misapprehension of a material fact, a point of law, or a party's legal position is sufficient to warrant reconsideration. *Id.*; *see also Platten v. HG Bermuda Exempted Ltd.*, 437 F.3d 118, 139 (1st Cir. 2006) ("[A] motion for reconsideration is appropriate where the court has misapprehended the fact, a party's position, or the controlling law.").

### B. Legal Background for Applicants for Admission

"[A]n alien who tries to enter the country illegally . . . and an alien who is detained shortly after unlawful entry cannot be said to have 'effected an entry' into the United States." *DHS v. Thuraissigiam*, 591 U.S. 103, 140 (2020) (quoting *Zadvydas v. Davis*, 533 U.S. 78, 93 (2001)).

5

Rather, they are treated as an "applicant for admission." *Id.* Stated another way, an "alien who arrives at a 'port of entry,' *i.e.* a place where the alien may lawfully enter, must apply for admission. An alien [] who is caught trying to enter at some other spot is treated the same way." *Id.* at 108, 140.

An applicant for admission is defined as "[a]n alien present in the United States who has not been admitted or who arrives in the United States [] whether or not at a designated port of arrival …." 8 U.S.C. § 1225(a)(1).[12] Applicants for admission do not change their legal status, or gain any due process rights, if they are released into the United States. "[E]ven those paroled elsewhere in the country for years pending removal—are 'treated' for due process purposes 'as if stopped at the border.'" *Id.* at 139 (quoting *Shaughnessy v. United states ex rel. Mezei*, 345 U.S. 206, 215 (1953) (superseded by statute for reasons not relevant here).

Both § 1225(b)(1) and § 1225(b)(2) authorize detention for applicants for admission. *See Jennings v. Rodriguez*, 583 U.S. __, 138 S. Ct. 830, 837 (2018). Certain applicants for admission are subject to "expedited removal"— meaning U.S. Customs and Border Protection ("CBP") may remove them without a further hearing or review — under § 1225(b)(1)(A). An applicant for admission is subject to expedited removal if they are (1) inadmissible under § 1182(a)(6)(C) (sought a visa through fraud or misrepresentation of a material fact to) or § 1182(a)(7) (lacks valid entry documents);[13] (2) have not been in the U.S. continuously for a 2-year period

---

[12] INA § 235(a)(1). Moreover, as of the date when Petitioner entered the United States, aliens were treated as "applicants for admission" if they were "encountered within 14 days of entry without inspection and within 100 air miles of any U.S. international land border." 87 C.F.R. 16022 (rescinding 84 C.F.R. 35409 (July 23, 2019) and reinstating 69 F.R. 48877 (Aug. 11, 2004)).

[13] INA §§ 212(a)(6)(C) and (a)(7).

6

immediately prior to the date they are determined to be inadmissible; and (3) are amongst the group that the Secretary of Homeland Security has designated for expedited removal. *Thuraissigiam*, 591 U.S. at 108-09. If the applicant for admission subject to expedited removal claims asylum or a fear of persecution, the immigration officer "shall refer the alien for an interview by an asylum officer." 8 U.S.C. § 1225(b)(1)(A)(ii). If the asylum officer finds an applicant's asserted fear to be credible, the applicant is placed into standard removal hearing where their asylum claim will be given "full consideration." 8 C.F.R. § 208.30(f); 8 U.S.C. § 1225(b)(1)(A)(ii). [14]

With few exceptions not relevant here, most other applicants for admission not covered under § 1225(b)(1) fall under § 1225(b)(2). *See Bollat Vazquez v. Wolf*, 460 F. Supp. 3d 99, 113 (D. Mass. 2020) ("Section (b)(2) 'serves as a catchall provision' and 'applies to all applicants for admission not covered by § 1225(b)(1) (with specific exceptions not relevant here).'" (quoting *Jennings*, 138 S. Ct. at 833)). Stated differently, § 1225(b)(2) applies to "aliens present in the United States who have not been admitted or paroled and who are inadmissible for reasons other than fraud, misrepresentation, or lack of valid documentation, or who can demonstrate that they have been present in the United States for more than two years, and arriving aliens who are inadmissible for reasons other than fraud, misrepresentation, or lack of valid documentation." *Id.* "Any (b)(2) applicants," like Petitioner, "who are 'not clearly and beyond a doubt entitled to be admitted' are processed not through 'expedited removal' proceedings, but through standard removal proceedings under 8 U.S.C. § 1229a." *Id.*

For the group of applicants that fall under § 1225(b)(2) — including those inadmissible

---

[14] INA § 235(b)(1)(A)(ii)

under 8 U.S.C. § 1182(a)(6)(A)(i),[15] such as Petitioner — Congress has required that they "*shall be detained* for a [standard removal] proceeding." 8 U.S.C. § 1225(b)(2)(A) (emphasis added); *Jennings*, 138 S. Ct. at 844 (noting that the "plain meaning" of § 1225(b)(2)(A) requires that §1225(b)(2)(A) applicants be detained until removal proceedings have concluded). "*All* members of [§ 1225(b)(2)(A)] may have (or may simply believe they have) a strong claim for admittance, but they are nether "clearly and beyond a doubt entitled to be admitted" nor conclusively determined to be inadmissible by an immigration officer on grounds of fraud or lack of required documentation." *Jennings*, 138 S. Ct. at 327 (Breyer, J., dissenting).

The NTA provided to Petitioner, an applicant for admission who was apprehended shortly after crossing the United States' southern border without being inspected and admitted or paroled, charged her as subject to removal pursuant to 8 U.S.C. § 1182(a)(6)(A)(i).[16] NTA at 1. She therefore falls squarely within the category of aliens subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) pending her § 1229a standard removal proceedings. And, as an applicant for admission under § 1225, she is not entitled to release or a bond hearing by statute, regulation, or the United States Constitution.[17]

---

[15] INA §212(a)(6)(A)(i)

[16] INA § 212(a)(6)(A)(i).

[17] An IJ "may not" conduct a bond hearing to determine whether an applicant for admission should be released into the United States during removal proceedings. 8 C.F.R. § 1003.19(h)(2)(i)(B) ("[A]n immigration judge may not redetermine conditions of custody imposed by the Service with respect to . . . [a]rriving aliens in removal proceedings, including aliens paroled after arrival pursuant to section 212(d)(5) of the Act.")

**ARGUMENT**

The Court's June 17 Order misapprehended both Respondents' position and the controlling law, and impermissibly shifted the burden of proof from Petitioner to Respondents. The Court has therefore committed a manifest error of law. Reconsideration is warranted.

**A. The Court Misapprehended Respondents' Legal Position**

In its June 17 Order, the Court held that "[g]iven Respondents inability to produce a Notice and Order of Expedited Removal . . . or any other document substantiating the legality of Petitioner's detention, the Court comes to the easy conclusion that Petitioner has not been ordered removed under section 235(b)(1) of the INA [8 U.S.C. § 1225(b)(1)]." ECF No. 22 at 4; *id.* at 1 ("Respondents have been unable to produce an expedited order of removal that would explain . . . Petitioner's detention"). It is clear from its discussion that the Court misunderstood Respondents' argument. Respondents did not assert then, and do not assert now, that Petitioner had been detained because she had been ordered *removed* pursuant to the expedited removal subsection of that statute, 8 U.S.C. § 1225(b)(1)(A)(i). Rather, Respondents' position was and is that Petitioner was subject to mandatory *detention* pursuant to 8 U.S.C. § 1225(b)(2)(A) *while she is in full removal proceedings*. *See* Resps.' Opp'n (ECF No. 16) at 7 ("Petitioner's detention while she is in full removal proceedings before an IJ is mandated by 8 U.S.C. § 1225(b)(2)(A)."); *id.* at 6 ("An applicant for admission is subject to detention pursuant to 8 U.S.C. § 1225(b)(2)(A)"); *id.* at 10-11 ("Here, section 1225(b) makes plain that if a Notice to Appear is issued to place an applicant for admission into removal proceedings, such individual 'shall be detained' during the course of such proceeding. 8 U.S.C. § 1225(b)(2)(A).").

As explained above, 8 U.S.C. § 1225(b)(2)(A) mandates detention pending standard removal proceedings for an applicant for admission that the examining immigration officer

9

determines "is not clearly and beyond a doubt entitled to be admitted."[18] The NTA Respondents provided, as well as the Chan Declaration submitted with Respondents' Opposition (ECF No. 16-1), make clear that Petitioner falls within this category. And, as Respondents argued previously, ECF No. 16 at 9-10, and as the Supreme Court has clearly stated, individuals arrested after crossing the border illegally who are subject to 8 U.S.C. § 1225(b) have "only those rights regarding admission that Congress has provided by statute." *Thuraissigiam*, 591 U.S. at 140. The Supreme Court was clear: "the Due Process Clause provides nothing more" than the procedural protections set forth in 8 U.S.C. § 1225. *Id.*; *see also Amanullah v. Nelson*, 811 F.2d 1, 9 (1st Cir. 1987) (no due process violation where appellant was detained under 8 U.S.C. § 1225(b) "pending the ultimate (seasonable) resolution of the exclusion/asylum proceedings"). For an applicant for admission subject to § 1225(b)(2)(A), those due process rights are limited to their opportunity to be heard in full immigration removal proceedings pursuant to 8 U.S.C. § 1229a. Those rights do not extend to a bond hearing or release from detention in any manner other than DHS's exercise of its discretion to grant parole. *See Amanullah*, 811 F.2d at 9 (no due process violation in exercise of discretion to deny parole pending outcome of removal proceedings); *see also Thuraissiggiam*, 591 U.S. at 139-40; *Mezei*, 345 U.S. at 212.

The Court's misapprehension of Respondents' argument, and (as explained below) the law concerning expedited removal, warrants reconsideration of the Court June 17 Order.

**B. The Court Conflated § 1225(b)(1)(A)(i) and § 1225(b)(2)(A)**

The Court also misapprehended the law requiring Petitioner's detention pending standard removal proceedings, conflating it with the statutory subsection concerning "expedited removal."

---

[18] INA § 235(b)(2)(A).

Throughout its Memorandum and Order, the Court repeated that Petitioner's detention was unlawful because Respondents had not shown that Petitioner was "ordered removed" under 8 U.S.C. §1225(b)(1). *See* ECF No. 22 at 1, 4. The Court even commented that "Petitioner's counsel effectively argued the Respondents' position made no sense, that Petitioner could not logically be subject to expedited removal *and arrest* under section 235(b) of the INA while simultaneously in standard removal proceedings under section 240." *Id.* at 2 (emphasis added). The issue before the Court, however, was not whether the Petitioner was subject to "expedited removal" pursuant 8 U.S.C. § 1225(b) while in standard removal proceedings, *id.*, but rather whether Petitioner could be legally *detained* pursuant § 1225(b) while in standard removal proceedings pursuant to 8 U.S.C. § 1229a. The answer is unequivocally yes. In fact, § 1225(b)(2)(A) requires it.

The Court's Memorandum incorrectly equates *all* of 8 U.S.C. § 1225(b)[19] with "expedited removal." *See* ECF No. 22 at 3 ("Respondents claimed that Petitioner was being detained pursuant to section 235 of the INA—in other words, pursuant to expedited removal."). This is a manifest error of law. Expedited removal applies only to those who fall under § 1225(b)(1)**(A)(i)**, which includes only those individuals who are determined inadmissible under 8 U.S.C. § 1182(a)(6)(C) or § 1182(a)(7).[20] Applicants for admission who do not fall within § 1225(b)(1), such as Petitioner, *see* NTA at 1, are placed into standard removal proceedings (not expedited removal) while subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A).

---

[19] INA § 235(b)

[20] Who has not affirmatively shown that they have been physically present in the United States continuously for the 2-year period prior to the date of the determination of their inadmissibility, and who fall within the group designated for expedited removal by the Attorney General. 8 U.S.C. § 1225(b)(1)(A)(iii).

11

Here, Petitioner was found to be inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), was not admitted or paroled after inspection by an immigration officer, and was "not clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). Petitioner was therefore appropriately placed into standard removal proceedings pursuant to 8 U.S.C. § 1229a, and, pursuant to § 1225(b)(2)(A), was subject to mandatory detention. Accordingly, Petitioner's June 2025 arrest was lawful. The fact that Petitioner "had been present in the United States (and nowhere near the border) for more than a year," ECF No. 22 at 2, has no impact on Petitioner's status or the legality of her mandatory detention. *Thuraissigiam*, 591 U.S. at 139 ("[E]ven those paroled elsewhere in the country for years pending removal—are 'treated' for due process purposes 'as if stopped at the border.'"); *Matter of Q. Li,* 29 I. & N. 66 (2025).

The Court's conflation of the subsections of 8 U.S.C. § 1225(b) constitutes a manifest error or law and warrants reconsideration of the Court's June 17 Order. ECF No. 22.

## C. The Court impermissibly shifted the burden of proof

The Court should also reconsider its June 17 Order because, rather than requiring Petitioner to prove that her detention was unlawful, the Court impermissibly shifted the burden to Respondents to prove that Petitioner's detention was lawful. This error or law constitutes an abuse of discretion and warrants vacatur of the Court's previous Order. *See, e.g., West v. Bell Helicopter Textron, Inc.*, 803 F.3d 56, 69 (1st Cir. 2015) (noting that placing the burden of proof is an "error of law [which] necessarily constituted an abuse of discretion").

This Court cannot extend the writ of habeas corpus unless an individual "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The burden or proving entitlement to habeas relief falls on the Petitioner. *Id.*; *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009) (citing cases); *see also Snook v. Wood*, 89 F.3d 605, 609 (9th Cir. 1996)

12

("It is the petitioner's burden to prove his custody is in violation of the Constitution, laws or treaties of the United States.").

Rather than hold Petitioner to her burden of proof, the Court required Respondents to "produce a Notice and Order of Expedited Removal . . . or any other document substantiating the legality of Petitioner's detention." ECF No. 22 at 4; *id.* at 1 ("Respondents have been unable to produce an expedited order of removal that would explain . . . Petitioner's detention."); [21] *id.* ("Respondents identify no other basis for Petitioner's detention."). This is not the law. By requiring Respondents to show that Petitioner's detention was lawful, rather than requiring Petitioner to show that her detention was unlawful—which she has provided no evidence of—the Court improperly shifted the burden of proof.

Moreover, the Court incorrectly concluded that Respondents had failed to produce any documentation indicating that Petitioner was held on a lawful basis. *See* ECF No. 22 at 4. Respondents produced to Petitioner and the Court Petitioner's 2024 NTA, which demonstrated that: (1) Petitioner was not a citizen or national of the United States; (2) Petitioner arrived in the United States at or near San Ysidro, CA, on or about April 1, 2024; (3) Petitioner was not admitted or paroled after inspection by an Immigration Officer; (4) Petitioner was issued a NTA on April 2, 2024, in San Diego, CA; (5) Petitioner was found to be inadmissible pursuant to INA § 212(a)(6)(A)(i) [8 U.S.C. § 1182(a)(6)(A)(i)]. and (6) Petitioner was placed in standard removal proceedings. NTA at 1-2. Petitioner's NTA is itself sufficient to show that Petitioner is an applicant for admission that "the examining immigration officer found was not clearly and beyond a doubt

---

[21] Despite the Court's Memorandum stating that the Court ordered Respondents to produce any documents issued to the Petitioner, the Electronic Clerks' Notes do not reflect that the Court's request to Respondent was an "Order." ECF No. 17.

entitled to be admitted," and was therefore subject to mandatory detention pending removal proceedings pursuant to 8 U.S.C. § 1225(b)(2)(A).[22]

### D. The Court's Release Order ignores the distinction between immigration removal proceedings and bond hearings

Finally, the Court's Order, requiring that Respondents "release Petitioner[] with no additional conditions beyond those imposed by the immigration judge at the June 3, 2025, hearing," ECF No. 22 at 4, fails to recognize the distinction between immigration removal proceedings and custody review (bond) hearings before an immigration judge. During removal proceedings, the immigration judge does not impose conditions of release. Rather, immigration judges make bond determinations, and may impose any conditions of release, during bond proceedings —which are separate proceedings from removal proceedings. *See* 8 C.F.R. §§ 1003.19(d)[23]; *see also* Exec. Office for Immigration Review (U.S. Dep't of Justice), Immigration Court Practice Manual, ch. 9.3, *available at* https://www.justice.gov/eoir/reference-materials/ic/chapter-9/3 (last accessed June 24, 2025). And, of course, an alien must be in detention prior to requesting bond.

Here, Petitioner was not detained before and during her June 3, 2025 removal proceedings in immigration court. *See* NTA; Chan Decl. ¶ 8; ECF No. 22 at 1-2. The immigration judge, therefore, did not have either reason or ability to impose any conditions of release (or to determine that Petitioner should be released on her own recognizance, for that matter). This Court's Order

---

[22] Respondents intended to explain the sufficiency of Petitioner's NTA in their court-directed brief but were unable to do so as the Court granted the Petition for Writ of Habeas Corpus on the morning of June 17, 2025, without waiting for the parties briefs due later that same day.

[23] "Consideration by the Immigration Judge of an application or request of a respondent regarding custody or bond under this section shall be separate and apart from, and shall form no part of, any deportation or removal hearing or proceedings."

that Respondents not impose any conditions beyond those imposed by the immigration judge misses this distinction between these two separate proceedings in immigration court and is therefore erroneous.

## CONCLUSION

While each of these errors itself warrants this Court's reconsideration of its June 17 Memorandum and Order (ECF No. 22), they collectively require reversal of that Order. Petitioner was lawfully detained pursuant to statute, regulation, and the Constitution and this Court lacked a legal basis to order Petitioner's release from custody by extending the requested writ under 28 U.S.C. § 2241(c)(3), or to grant Petitioner's Emergency Motion for Release of Detention. For these reasons, and those further detailed in Respondent's Opposition to Petition for Writ of Habeas Corpus (ECF No. 16), Respondents respectfully request that this Court reconsider its June 17 Memorandum and Order, reverse that Order, and deny Petitioner's Petition for Writ of Habeas Corpus and Request for Emergency Injunctive Relief (ECF No. 1).

Respectfully submitted,

LEAH B. FOLEY
United States Attorney

Dated: June 25, 2025    By:    */s/ Anuj K. Khetarpal*
Anuj Khetarpal
Assistant United States Attorney
United States Attorney's Office
1 Courthouse Way, Suite 9200
Boston, MA 02210
Tel.: 617-748-3658
Email: Anuj.Khetarpal@usdoj.gov

## **CERTIFICATE OF SERVICE**

I, Anuj Khetarpal, Assistant United States Attorney, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF). Paper copies will be sent to those indicated as non-registered participants.

Dated: June 25, 2025                    By:    */s/ Anuj K. Khetarpal*
                                                Anuj Khetarpal
                                                Assistant United States Attorney